GRIFFIN, J.,
concurring specially.
For what it is worth, in my view, the School Board acted appropriately in denying the application. This was the fourth time that Academies had submitted its application for this charter school. In the previous application, the minimum standard Academies identified for assessment of the school itself was not to receive an “F” from the State’s grading system for two consecutive years. The County found such a standard unacceptable so, in this fourth application, Academies simply eliminated any measure for the school. As for the 25th percentile threshold for individual student evaluation, the application says that it would be acceptable if students scored at or above the 25th percentile on norm reference tests. This is clearly not an acceptable standard for several reasons that were discussed in the hearing. Academies’ response was that their standard appeared to be unacceptable due to an inadvertently omitted sentence and poor wording, but in fact, they intended to have a standard that would not be unacceptable. The Board concluded that it could only act on the application that had been submitted, not the application that might be submitted if errors were corrected, and accordingly denied the application. Surely, they could not have approved the application in its current form.
Few things in the administrative process are more destructive than the belief on the part of the applicant and the decision-maker that the “review” of administrative action is really nothing more than a “do-over” with more receptive listeners. A fact-fínder and decision-maker who knows its decisions will not be accorded respect is less inclined to worry over their accuracy. Nevertheless, for reasons best known to others, this is apparently the way this process has been designed to operate. Therefore, I concur in the result.